ALICE M. BATCHELDER, Circuit Judge,
dissenting.
Unlike Memphis Light, Gas & Water’s (“MLGW”) absurd proof-of-identity policy in 2010, the district court’s decision to exclude Dr. Laboy’s testimony was sound and reasonable. I would affirm it and the grant of summary judgment to MLGW.
Under the abuse-of-discretion standard that governs our review of district courts’ decisions to exclude expert testimony, we should not reverse unless we are “firmly convinced that a mistake has been made.” Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., 388 F.3d 976, 980 (6th Cir. 2004) (citation omitted). I am not firmly convinced that the district court erred by excluding Dr. Laboy’s testimony. The record supports the district court’s finding that Dr. Laboy’s testimony failed our test *144 for reliability under Rule 702, as outlined in Best v. Lowe’s Home Centers, Inc., 563 F.3d 171, 178-79 (6th Cir. 2009). As the district court noted, Dr, Laboy presumed that Johnson’s death was heat related. Dr. Laboy did not establish the way by which he ruled out other possible causes of Johnson’s death, including Johnson’s enlarged heart (cardiomegaly), his extremely low Vitamin D levels, and his smoking history and possibly related physiological symptoms (e.g., the several brown pigmented macrophages in Johnson’s lungs). Given that Johnson had several risk factors for sudden cardiac arrest, Dr. Laboy’s mere assertion that he considered all possible causes of death does not pass muster under Daubert or Rule 702. Further supporting my conclusion that the district court did not err by excluding Dr. Laboy’s testimony is the doctor’s own statement that he “did not find an explainable cause of death for this case.” To simply attribute death to heat stroke when one cannot find an explainable cause of death seems questionable from a medical standpoint, and surely inadmissible from a legal one.
For the above-mentioned reasons, I do not believe that the district court abused its discretion by excluding Dr. Laboy’s medical expert testimony, Because “Appellants agree that they cannot prove an essential element of their claim without the testimony of Dr. [] Laboy,” the district court did not err by granting MLGW a summary judgment. My colleagues having reached the opposite conclusion, I respectfully dissent.